Brantingham *v.* Brantingham.

RICHARD BRANTINGHAM and others *vs.* JACOB BRANTINGHAM and JOHN I. SPEAR.

In a foreclosure suit, in which a judgment creditor in attachment claims the surplus money, it is not competent to show that such creditor had no such demand against the defendant in attachment as would sustain an attachment. Such judgment cannot be drawn in question collaterally.

But the surplus money in such case cannot properly be paid to the plaintiff in attachment—the auditors are the persons entitled to receive it.

In a court of equity, the parties are confined to the issues made by their pleadings, as well as in a court of law.

A mortgagor who answered a foreclosure bill, did not dispute the claim of a judgment creditor in attachment who had answered, setting up his judgment, will not be permitted to call such judgment in question on a petition by such creditor for the surplus money.

The complainants filed their bill upon a mortgage. The premises were sold under a decree, and a surplus of several hundred dollars brought into court. John I. Spear, one of the defendants, filed a petition for the surplus, and the master reported in his favor. Exceptions were filed to the report.

Brantingham *v.* Brantingham.

*I. W. Scudder*, in favor of exceptions.

*A. Whitehead*, for petitioner.

THE CHANCELLOR. The complainants in the cause above stated filed their bill upon a mortgage, which they held against Jacob Brantingham, for the purpose of raising the mortgage debt by a sale of the premises. John I. Spear was made a defendant, on account of an attachment which he had taken out against the mortgagor, and which had gone to judgment in the Circuit Court of the county of Hudson. Several hundred dollars, more than was sufficient to pay the mortgage, was raised by the sale under the decree of the court. That surplus was brought into court, and Spear claims to have his judgment in attachment paid out of it.

The mortgagor and Spear were the only defendants in the suit. The mortgagor has since died, and the contest is between his personal representatives and John I. Spear. The personal representatives are in the same, and in no better position before the court than the decedent himself occupied. If he could not have successfully resisted this claim, neither can the present contestants.

The record of the judgment in attachment was produced before the master. It is regular upon its face, and is a valid and subsisting judgment, and was a lien upon the land out of which the surplus money has arisen. The regularity of the judgment or its legal effect is not called in question. But it is now sought to go behind this judgment, and to show that the plaintiff in attachment had no such claim or demand against the defendant as would sustain an attachment. But certainly it is not competent, in a proceeding such as this, and in this collateral way, to question the validity of the judgment, by going behind it to ascertain the propriety of the claim upon which it was founded. That has already been passed upon by a competent tribunal. The record, upon its face, shows that

o*

the attachment was for a claim for which the writ might properly issue. The plaintiff in attachment swears that the defendant owes him a debt of three hundred dollars. The report of the auditors shows that the claim was a proper one, and was properly adjudicated upon by them. They report that the defendant is indebted to the plaintiff, for interest upon a bond, in the sum of eight hundred and sixteen dollars and forty-six cents, and that, after allowing a set-off of three hundred and thirty-seven dollars and fifty cents, there is a balance due from the defendant to the plaintiff of $478.96. For this sum judgment was entered.

If the decree in the foreclosure suit had been taken *pro confesso*, and no opportunity had been then afforded the parties of contesting this matter, I do not see that the court, with any propriety, could in these proceedings permit the parties to go behind the judgment. But the proceedings in the foreclosure suit were such as to close the mouth of the mortgagor to any such objection as is now made. The bill charges that the attachment is not a lien upon the mortgaged premises, and if a lien, is subject to the complainants' mortgage. John I. Spear put in his answer setting up his attachment, and insisting that the complainants' mortgage was fraudulent, and that it was executed for the purpose of defeating the debt the mortgagor owed him. Jacob Brantingham, the mortgagor and defendant in attachment, files his answer, the purpose of which evidently was to sustain the complainants' mortgage. But here was the opportunity for him to question the debt for which the attachment issued, or the propriety of the attachment, if he desired to do so. This was the time for him to raise whatever objection, legal or equitable, he had against the attachment. If he did not do it then he waived his objections. He is thereby estopped from interposing any objections in the subsequent proceedings of the cause. Whatever issue he had to make, he was bound to make by his pleading. What

Brantingham *v.* Brantingham.

does he say in his answer? He says that he has no knowledge of any attachment issued by John I. Spear out of the Circuit Court of the county of Hudson, and of a judgment thereon, except by the bill of complaint and some verbal information received after the date of the judgment; that he cannot state the particulars of the said attachment, and admits that the said judgment must have been obtained subsequent to the execution of the said mortgage, and with full notice thereof, and if any encumbrance, it must be subsequent to the said mortgage. Now, upon this issue, certainly it was not competent for the defendant in attachment to impeach the judgment, on the ground that he now attempts to do it. In a court of equity, the parties are confined to the issues made by their pleading, as well as in a court of law.

The present proceedings are under those pleadings and the proceedings which followed them. The validity of the attachment and judgment might have been put in issue, but was not. The surplus money was raised under those proceedings. The rights of the parties must be ascertained under them. It is true it may be shown that they have since changed, but that is not pretended. There is no plausible reason given why the parties should not be confined to the issue then made. It is not suggested that any new information has been acquired since. Indeed the character of the objection now made is such as shows that all the circumstances upon which it rests were known to Jacob Brantingham when he filed his answer. A replication was put in, and evidence taken. The complainants' mortgage was sustained. If John I. Spear had put in evidence the record of his judgment, he would have been entitled to a decree in his favor. It was all that was necessary for him, under the pleadings, to entitle him to a decree to have his judgment paid after the complainants' mortgage was satisfied.

I am of opinion, therefore, that the exceptions to the master's report, as far as they relate to the master's de-

ciding that the judgment in attachment is entitled to be paid out of the surplus money, are not well taken.

But there is a difficulty about this application which was not mentioned by counsel, and which it is apparent was not suggested to the master. Is the plaintiff in attachment entitled to this money? The property attached is to be distributed by the auditors. The plaintiff in attachment, or any creditor, can receive no dividend until he shall have entered into bond to the defendant in attachment according to the provisions of the 47th section of the act. It is true, it appears from the record, that the plaintiff in attachment is the only applying creditor. But if the auditors were here to speak for themselves, they might show a different record. They might show subsequent proceedings by which that judgment was opened, and subsequent creditors allowed to come in. If it should be replied, the contestants in this case might have shown the same thing, the answer is, they had no interest in doing so; for if they cannot maintain their own claim to the money, it matters not to them whether the plaintiff or the auditors received it. But this court is bound to protect the rights of all parties; and when it finds there is a party interested who has not been notified of the proceedings, it is the duty of the court to protect such party, and to direct that he be brought before the court, and have the opportunity of a hearing. I do not think the court has the right to order this money paid to any but the auditors. They are entitled to it; and whatever the creditors are entitled to they must receive at the hands of the auditors. Besides, the auditors are entitled to be paid the costs and expenses they have been put to in the discharge of their duties under the order of the court before the plaintiff is paid. The act directs that they shall be allowed a reasonable compensation for their services, to be taxed by the court, and paid out of the defendants' estate.